UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GSL HOLDINGS, LLC,

    Plaintiff,

v.                                      Case No. 21-11664
                                         Honorable Victoria A. Roberts

THE CHARTER
TOWNSHIP OF LYON,

    Defendant.
_____/

## ORDER DENYING MOTIONS FOR RECONSIDERATION [ECF NO. 66 AND 67].

**I. Introduction**

On January 23, 2023, GSL and the last remaining Defendant, Lyon Township, filed motions for reconsideration [ECF No. 66 and 67]. GSL asks the Court to reverse summary judgment on its equal protection claim. Defendant asks the Court to reverse denial of summary judgment on GSL's retaliation and Freedom of Information Act ("FOIA") claims.

Because the parties attempt to relitigate the same issues presented in the summary judgment motion briefings, the Court **DENIES** both motions.

1

**II. Relevant Law**

Motions for reconsideration are governed by Local Rule 7.1(h). Under that rule, the Court will not grant such motions that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. *See* E.D. Mich. Local Rule 7.1(h)(2). To be entitled to relief, the movant must 1) demonstrate a palpable defect by which the Court has been misled; and 2) show that correcting the defect will result in a different disposition of the case. *See id.*

**III. Analysis**

    A. GSL's claims

GSL argues that the Court should reconsider its grant of summary judgment on GSL's equal protection claim, asserting that Defendants did not have a rational basis for treating GSL differently than its alleged comparator. The Court disagrees. GSL presents the same arguments already raised and which the Court addressed in the summary judgment opinion. *See* Order Granting Defendants' Motion for Summary Judgment in Part and Denying in Part, [ECF No. 64, PageID.2807]. The Court declines to relitigate GSL's equal protection claim, and relies fully on the rationale outlined in its summary judgment order. *See id.*

    B. Defendant's Claims

Defendant argues that the Court should reconsider its denial of summary judgment on GSL's retaliation claim because the Court inadvertently mistook the timing of an event in its retaliation analysis. *See* [ECF No. 67, PageID.2846]. The Court concedes this error but correcting the mistake does not change the outcome of its summary judgment denial. There are additional fact issues in GSL's retaliation claim that rightfully should be presented to a jury, making summary judgment improper. *See* [ECF No. 64, PageID.2817-.2818]. None of the arguments Defendant makes in response to these additional fact issues entitles it to judgment as a matter of law. The Court relies on the rationale outlined in its summary judgment order. *See id.*

Next, Defendant asserts that GSL's FOIA claim is moot because Lyon Township already provided GSL with the documents it requested. This is false. GSL continues to allege that Defendant did not make all required FOIA disclosures. *See, e.g.* [ECF No. 51, PageID.2300] ("[T]he Township has utterly failed to carry its burden of proof that the documents it claimed as exempt from disclosure were indeed exempted by the attorney client privilege."). GSL's FOIA claim is therefore not moot. However, the Court agrees with Defendant that the claim must be tried to the Court.

**IV. Conclusion**

3

The Court **DENIES** both motions for reconsideration. The Court **REVERSES** its order that GSL's FOIA claim be tried to a jury. This claim will be tried to the Court.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  1/30/2023