UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GSL HOLDINGS, LLC,

    Plaintiff,

v.                                                                  Case No. 21-11664
                                                        Honorable Victoria A. Roberts

THE CHARTER
TOWNSHIP OF LYON,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 94]

### I. Introduction

On August 14, 2023, GSL filed a motion for reconsideration [ECF No. 94]. GSL asks the Court to reverse its order disallowing GSL to produce evidence of damages related to lost rent and loss of property value. *See* [ECF No. 93].

Because the issue GSL raises does not change the Court's decision, the Court **DENIES** GSL's motion for reconsideration.

### II. Relevant Law

Motions for reconsideration are governed by Local Rule 7.1(h). Under that rule, the Court will not grant such motions that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.

1

*See* E.D. Mich. Local Rule 7.1(h)(2). To be entitled to relief, the movant must 1) demonstrate a palpable defect by which the Court has been misled; and 2) show that correcting the defect will result in a different disposition of the case. *See id.*

### III. Analysis

The Court found that GSL's act of voluntarily terminating its lease with Moba was an intervening cause that led to GSL's damages. [ECF No. 93, PageID.3405-.3408]. GSL asks the Court to reconsider this finding. In its reconsideration motion, GSL says that it "had no other choice but to terminate the lease based on Moba's exercise of its right to do so under Article 4, Section D of the lease." [ECF No. 94, PageID.3425]. That section reads:

> Notwithstanding the foregoing or anything in this Lease to the contrary, Landlord shall not be liable to Tenant for any damages as a result of Landlord's delay in delivering the Premises, nor shall any delay affect the validity of this Lease, and the Commencement Date of this Lease shall be postponed until such time as the Premises are ready for Tenant's occupancy, and the expiration date shall extend, day for day, by the amount of such postponement, **provided, however, that in the event Landlord fails to diligently proceed with Landlord's Work or any other obligation causing the substantial completion of the Premises to occur after December 31, 2021, extended for Tenant Delay ("Deadline Date"), then Tenant has a onetime right to terminate this Lease upon written notice to Landlord.** Such onetime right to terminate on the foregoing conditions shall extinguish on December 31, 2021. In the event of such termination by Tenant of this Lease, Landlord shall be entitled to (i) retain the Security Deposit

2

> as liquidated damages, and (ii) retain or receive payment for any other amounts owed for Change Orders as liquidated damages.

[ECF No. No. 94, PageID.3424]. GSL says that the Township's refusal to allow GSL to connect to a sewer line was a proximate cause for the delays which ultimately caused Moba to terminate the lease agreement. *Id.* at PageID.3425.

GSL alleges that had the Court known 1) GSL had no other choice but to terminate the lease given the contract's provisions and 2) the Township caused the delays that led to the lease termination, the Court would have found that GSL was not the cause of its damages and would have permitted GSL to obtain damages for lost rent and loss of property value. *Id.* at PageID.3418, .3425.

This is untrue. In its order, the Court already analyzed GSL's argument that terminating the Moba lease was "involuntary." *See* [ECF No. 93, PageID.3405]. As the Court articulated, GSL had the option to enforce the Moba lease and implead the Township as a third party defendant had Moba sued for breach. *Id.* In defending against the Moba action, GSL could have asserted that it did not "fail[] to diligently proceed with [its] work or any other obligation," so Moba's "onetime right to terminate" was not triggered. *See* Article 4, Section D, *supra*. GSL could have argued that it was the *Township*,

3

not GSL, which "fail[ed] to diligently proceed," and because of this, Moba was not entitled to break its lease since the delayed construction was not GSL's fault. However, GSL forewent this option in favor of voluntarily letting Moba out of the lease. The intervening cause was this decision by GSL and concession that it failed to fulfill its obligations.

GSL makes the same argument now that it made before. *See* [ECF No. 82, PageID.3222-3] (GSL describing how it did not voluntarily terminate the Moba lease). The Court stands on its rationale in ECF No. 93: GSL committed an intervening act that proximately caused its lost rent and loss of property value.

GSL fails to demonstrate a palpable defect by which the Court has been misled. Nor does it show that correcting the alleged "defect" will result in a different disposition of the case.

**IV. Conclusion**

Because the issue GSL raises does not change the Court's outcome, the Court **DENIES** GSL's motion for reconsideration.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 8/17/2023